104 F.3d 358
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Christos D. DEDES, Plaintiff-Appellant,
and Christos D. DEDES, as Legal Custodian for his Children
Quincy Sophia Dedes and Dionysios Christos Dedes;
All Parents Similarly Situated, Plaintiffs,
v.
Roswell PAGE; John O'Brion; Murray J. Janus; Sylvia
Clute; Donald Lemons; Alfred Shilling; Daniel T. Balfour;
Melvin R. Hughes, Judge, Judge of the Circuit Court in the
City of Richmond; Richard L. Williams, Judge, Judge of the
United States District Court for the Eastern District of
Virginia, Defendants-Appellees.
 No. 96-1281.
 United States Court of Appeals, Fourth Circuit.
 Submitted November 27, 1996.
Decided December 27, 1996.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Robert R. Merhige, Jr., Senior District Judge. (CA-94-186-R)
 Christos D. Dedes, Appellant Pro Se. James Watson Morris, III, Morris & Morris, Richmond, Virginia; John Henry O'Brion, Jr., Cowan & Owen, Richmond, Virginia; Murray Joseph Janus, Bremner & Janus, Richmond, Virginia; Sylvia Lanabeth Clute, Richmond, Virginia; William Mark Dunn, Assistant Attorney General, Richmond, Virginia; Alfred Louis Shilling, Richmond, Virginia; Daniel T. Balfour, Beale, Balfour, Davidson, Etherington & Parker, Richmond, Virginia; Robert William Jaspen, Office of the United States Attorney, Richmond, Virginia, for Appellees.
 E.D.Va.
 VACATED.
 Before WIDENER, HALL, and MICHAEL, Circuit Judges.
 Vacated and remanded by unpublished per curiam opinion.
 OPINION
 PER CURIAM:
 
 
 1
 Christos D. Dedes appeals the district court's order awarding six Defendants in this action attorney's fees exceeding $7000. The attorney's fees constituted a sanction imposed pursuant to Fed.R.Civ.P. 11. In setting the amount of the sanction, the district court referred not to case law interpreting Rule 11, but to case law addressing sanctions imposed pursuant to 42 U.S.C. § 1988 (1994). Factors governing the amount of sanctions awarded under Rule 11 are quite different from factors governing the amount of attorney's fees awarded under § 1988. Compare In re Kunstler, 914 F.2d 505, 524-25 (4th Cir.1990), cert. denied, 499 U.S. 969 (1991), with Johnson v. Georgia Highway Express, 488 F.2d 714, 717-19 (5th Cir.1974). Because the incorrect standard was used, it is impossible to determine whether the district court abused its discretion in setting the amount of the sanction.
 
 
 2
 We therefore vacate the judgment of the district court. The matter is remanded so that the district court may apply the proper standard in assessing the Rule 11 sanction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process. We deny the motion to compel Dedes to pay filing and docketing fees.
 
 VACATED AND REMANDED